IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **LANDEN RANK** § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | | |
| § | **CIVIL ACTION NO.** | |
| § | | |
| **TEXAS DEPARTMENT OF** § | | |
| **CRIMINAL JUSTICE** § | | |
| *Defendant* § | | |
| § | **JURY TRIAL DEMANDED** | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **LANDEN RANK**, referred to herein as Plaintiff, complaining of Defendant **TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ")**, hereinafter called Defendant, and for cause of action, would respectfully show unto the Court and jury the following:

### I.
### NATURE OF THE CASE

1. This is an action brought by Plaintiff pursuant to the Americans with Disabilities Act and the Rehabilitation Act against the **TEXAS DEPARTMENT OF CRIMINAL JUSTICE**. Due to his status as a person with a qualified disability, Mr. Rank was denied the rights afforded him under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. TDCJ is liable for the deliberate indifference of its correctional officers and medical staff under the doctrine of

1

respondeat superior, which has been expressly recognized by the Fifth Circuit in cases brought under Title II of the ADA.

## II.
## PARTIES

2. Plaintiff, **LANDEN RANK** is a resident of Aransas County, in the state of Texas.

3. **TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ")** is a political subdivision of the State of Texas.

4. Mr. Bobby Lumpkin is the executive director of TDCJ. TDCJ may be served through Mr. Lumpkin at Texas Department of Criminal Justice, TDCJ Executive Director, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701; 861 A IH 45 North, Huntsville, TX 77320; or wherever he may be found.

## III.
## JURISDICTION

5. The subject matter in controversy and damages sought are within the jurisdictional limits of this Court.

6. This Court also has jurisdiction over this suit under the Americans with Disabilities Act and the Rehabilitation Act.

7. Venue is also appropriate in the Southern District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in Huntsville, Walker County, Texas, which is in the Houston Division of the Southern District of Texas. Plaintiff contends, however, that the appropriate division for the prosecution of this claim is the Corpus Christi Division, as that is where Plaintiff is domiciled.

## IV.
## FACTS AND ALLEGATIONS

8. Landen Rank was originally incarcerated on misdemeanor charges in Aransas County in May of 2022.

9. In this first period of incarceration, Mr. Rank was held by the Aransas County Jail for approximately nine months, on information and belief.

10. Mr. Rank was, on information and belief, sentenced to TDCJ and incarcerated at the Stringfellow Unit in Rosharon, Texas, Brazoria County, where he complained of "urinary retention and sensation that something is 'broken inside my penis'." Mr. Rank reported a history of priapism with surgery about 6 months prior regarding the same issue and requested to follow up with a specialist.

11. During such time, on or about 23 February 2023, he was treated for priapism.

12. On information and belief, due to his insulin dependence, Mr. Rank was transferred to the Estelle Unit in Huntsville, Texas, Walker County where they have extended medical hours.

13. On 3 June 2023, Mr. Rank submitted a Sick Call Request complaining of "something wrong with my private parts" and states it had been a problem for six months.

14. On 9 June 2023, Mr. Rank was treated at Huntsville Memorial Hospital for another episode of priapism that lasted for 5 hours.

15. On 2 July 2023, Mr. Rank was admitted to Memorial Hermann – The Woodlands with recurrent priapism where he reported having aspiration/irrigation and shunting done over the last 2 weeks, but his priapism still persisted.

16. On 4 July 2023, due to failed conservative management, Mr. Rank was taken to the operating room for the placement of a malleable penile prosthesis.

17. On 11 July 2023, Mr. Rank was discharged to the Regional Medical Facility of TDCJ.

18. On information and belief, Mr. Rank contracted an MRSA infection while in the care of the Regional Medical Facility of TDCJ.

19. On information and belief, on 24 July 2023, Mr. Rank had the malleable penile prosthesis removed and the wound packed at Hospital Galveston.

20. Following his surgery in September 2023, Mr. Rank did not receive further treatment from TDCJ for his medical conditions, ultimately re-housing him in the general population, despite the risk of infection.
21. Thereafter, Mr. Rank continued experiencing medical issues and seeking help for his medical conditions, without receiving said help, up until his release from TDCJ on 6 November 2023.

## V.
## CAUSES OF ACTION

### COUNT ONE
### Violation of the Americans with Disabilities Act and Rehabilitation Act Against Defendant Texas Department of Criminal Justice

22. Plaintiff incorporates by reference each of the foregoing paragraphs, repeating and re-alleging all previous allegations as though fully set out below.
23. TDCJ has been and continues to be a recipient of federal funds, and thus covered by the mandate of the Rehabilitation Act.
24. The Rehabilitation Act requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services and reasonably modify such facilities, services and programs to ensure persons with disabilities have equal access to the services, programs, and benefits of the recipient as non-disabled persons.
25. Likewise, Title II of the Americans with Disabilities Act (as amended in 2008) also applies to the Texas Department of Criminal Justice and requires they make reasonable modifications of the prison system to accommodate people with disabilities. 42 U.S.C. § 12131 et seq.
26. The Estelle Unit and other TDCJ prisons are facilities and their operations, including their provision of medical care by UTMB, comprise programs and services for Americans with Disabilities Act and Rehabilitation Act purposes. Mr.

Rank was otherwise qualified to participate in the programs and services at their respective units of assignment provided by TDCJ and UTMB.

27. For purposes of the Americans with Disabilities Act and Rehabilitation Act, Mr. Rank was a qualified individual with physiological impairments that substantially limited his major life activities.

28. Defendant TDCJ knew Mr. Rank would be at a substantially increased risk of infection, illness or injury upon his discharge from Memorial Hermann – The Woodlands while recovering from his surgery.

29. Despite their knowledge, TDCJ employees intentionally discriminated against Mr. Rank by failing and refusing to provide him with the reasonable accommodation and medical treatment necessary to prevent him from getting an infection.

30. As alleged above, TDCJ, deliberately failed to and refused to reasonably accommodate Mr. Rank, while in custody in violation of the Americans with Disabilities Act and Rehabilitation Act.

## DAMAGES

31. Plaintiff Rank repeats and re-alleges each and every allegation contained in the above paragraphs as though fully delineated below.

32. Plaintiff seeks monetary relief and for judgment of all the other relief to which he deems himself entitled.

33. Plaintiff Rank's deprivations were foreseeable and directly and proximately caused by the medical care, or lack thereof, rendered to him.

34. Plaintiff Rank is thus entitled to recover all actual damages allowed by law. The Defendant's conduct shows malice, wanton disregard, and reckless or callous indifference to Plaintiff's constitutional rights.

35. As a direct and proximate result of the occurrence underlying this lawsuit, Plaintiff Rank suffered:
    a. Pain and suffering; and
    b. Emotional distress, torment, and mental anguish.

36. Plaintiff seeks to recover reasonable attorney's fees and costs of court, pursuant to the Americans with Disabilities Act and the Rehabilitation Act.

## IX.
## ATTORNEY'S FEES

37. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. §1988.

## X.
## JURY DEMAND

38. Plaintiff respectfully requests a jury trial in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for an amount in excess of the jurisdictional minimum of this Court.

Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted,

**WEBB CASON & MANNING, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone:  (361) 887-1031
Facsimile:  (361) 887-0903
   */s/ Matthew S. Manning*
MATTHEW S. MANNING
State Bar No.: 24075847
Southern Dist. ID No. 3504172
General Correspondence Email:
E: matt@wcctxlaw.com

ATTORNEY FOR LANDEN RANK

6